# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| SALVATORE BADALAMENTI, on behalf of himself and the Putative Class,<br><br>Plaintiff,<br><br>v.<br><br>RESIDEO TECHNOLOGIES, INC., and HONEYWELL INTERNATIONAL INC.,<br><br>Defendants. | Case No. 2:22-cv-5592-CCC-CLW<br><br>Hon. Claire C. Cecchi<br>Magistrate Judge Cathy L. Waldor<br><br>**Oral Argument Requested** |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF L.R. 72(C)(1)(A) APPEAL OF DENIAL OF UNOPPOSED APPLICATION TO STAY DISCOVERY

James B. Saylor (*pro hac vice*)
Aaron J. Gold
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
jsaylor@kellydrye.com
agold@kelleydrye.com

Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com

*Counsel for Defendants*
*Resideo Technologies, Inc., and*
*Honeywell International Inc.*

# **TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ................................................................... 1

II. STATEMENT OF FACTS ........................................................................... 2

III. ARGUMENT ................................................................................................ 5

    A. The Denial of the Unopposed Motion to Stay Was Clearly Erroneous Because It Did Not Consider the Good Cause Supporting a Stay ................................................................................ 7

    B. Defendants Have Demonstrated Good Cause to Stay Discovery ........ 8

        1. The Requested Stay Does Not Present Any Undue Prejudice or Clear Tactical Advantage to Plaintiff .................... 9

        2. Denial of the Requested Stay Creates a Clear Case of Hardship or Inequity for Defendants ........................................ 10

        3. A Stay Pending Resolution of the Motion to Dismiss Will Simplify the Issues in the Case ................................................ 11

        4. The Case is in its Initial Stages ................................................ 13

IV. CONCLUSION ........................................................................................... 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Actelion Pharms. Ltd. v Apotex, Inc.*,
    2013 WL 5524078 (D.N.J. Sept. 6, 2013) ............................................... 10, 11, 13

*Ameritas Life Ins. Corp. v. Wells Fargo Bank, N.A.*,
    2022 WL 15442268 (D.N.J. Oct. 27, 2022) ....................................................... 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ..................................................................................... 9, 10

*Forrest Hill Cemetery Ass'n v. Public Serv. Elec. & Gas Co.*,
    2020 U.S. Dist. LEXIS 43636 (D.N.J. Mar. 13, 2020) ....................................... 9

*Gibly v. Best Buy Co., Inc.*,
    2022 WL 2413906 (D.N.J. Mar. 7, 2022) ................................................ 7, 8, 13

*Kaplan v. General Electric Co. et al.*,
    No. 2:22-cv-05296-BRM-ESK (D.N.J.) ...................................................*passim*

*Mann v. Brenner*,
    375 F. App'x 232 (3d Cir. 2010) .................................................................. 7, 10

*MonoSol Rx, LLC v. BioDelivery Scis. Int'l, Inc.*,
    2012 WL 762501 (D.N.J. Mar. 7, 2012) ............................................................ 9

*Operational Prods. Supply & Servs., LLC v. Intelligent
    Surveillance Corp.*,
    2022 WL 16743860 (D.N.J. Apr. 14, 2022) ....................................................... 9

*SMT Solutions, Inc. v. ExpoEvent Supply, LLC*,
    2012 WL 3526830 (D.N.J. Aug. 15, 2012) ........................................................ 7

**Other Authorities**

Fed. R. Civ. P. 72(a) ................................................................................................. 5

Local Rule 72(c)(1)(A) ......................................................................................... 1-2

## I. PRELIMINARY STATEMENT

Defendants Resideo Technologies, Inc. ("Resideo") and Honeywell International Inc. ("Honeywell"; collectively, "Defendants") seek an Order reversing Magistrate Judge Waldor's denial of their Unopposed Application to Stay Discovery (Dkt. Nos. 17, 19). Good cause exists for the requested stay of discovery because Defendants' pending motion to dismiss Plaintiff's complaint (Dkt. No. 13; the "Motion to Dismiss"), if successful, will dispose of Plaintiff's claims in their entirety; Plaintiff agreed to the requested stay of discovery when the application was made (*see* Dkt. No. 17); and, a stay of discovery has been entered in a substantially similar case brought by Plaintiff's Counsel where discovery (at least of the non-parties identified in Plaintiff's Complaint and Plaintiff's experts) will necessarily overlap. *See Kaplan v. General Electric Co. et al.*, No. 2:22-cv-05296-BRM-ESK, Dkt. No. 31 (D.N.J., Feb. 9, 2023) (the "*Kaplan Case*").

Magistrate Judge Waldor's denial of the Unopposed Application to Stay Discovery was not based on a consideration of the good cause supporting a stay. At the initial conference held April 13, 2023, Magistrate Judge Waldor stated she did not have the discretion to enter a stay because it was the policy of all but one District Judge in the District of New Jersey to deny a stay of discovery pending resolution of a motion to dismiss.[1] When informed that the same stay request was granted by

---

[1] Local Rule 72(c)(1)(A) requires the party filing an appeal to provide the Court a "transcript of that portion of the hearing before the Magistrate Judge wherein

- 1 -

Magistrate Judge Kiel in the *Kaplan Case*, which is pending before Judge Martinotti, Magistrate Judge Waldor encouraged Defendants to file the instant appeal of her denial. Magistrate Judge Waldor also suggested that the parties work together to pace discovery while this Court considered this application. Despite previously agreeing to a stay of discovery, Plaintiff's Counsel has already proceeded to serve discovery on the third party that is the focus of Plaintiff's deficient allegations in this case and the *Kaplan Case*.

For these reasons, set forth in further detail below, Defendants request that the Court enter an order setting aside the denial of the Unopposed Application to Stay and staying discovery pending resolution of the Motion to Dismiss.

## II. STATEMENT OF FACTS[2]

Defendants are "manufacturer[s] of . . . home security products," including the Honeywell Vista-20P that Plaintiff alleges was installed in his home sometime in 2016. (Compl. ¶¶ 18–19.) As described in the Motion to Dismiss, Plaintiff asserts claims sounding in fraud, misrepresentation, and breach of warranty concerning Defendants' representation that their Vista-20P combination burglar and fire alarm system is certified and "listed" to applicable safety standards by Underwriters

---

findings of fact were made." On April 19, 2023, Defendants' Counsel was informed by Magistrate Judge Waldor's Courtroom Deputy that a transcript was not available for the initial conference held April 13, 2023.

[2] The allegations in the Complaint and relevant facts are more fully described in Defendants' Motion to Dismiss. *See* Dkt. No. 13, at 4-11.

Laboratories, Inc. ("UL").  UL is an independent organization that develops safety standards, and tests alarm systems (and other products) for compliance with those standards.

Plaintiff acknowledges in the Complaint and attachments thereto that the challenged representations are true: UL has in fact certified and listed the Vista-20P to applicable safety standards.  (Dkt. No. 13 at 5–6 (citing Compl. ¶¶ 49, 72 and Ex. F at 24–25).)  Plaintiff's disagreement over that certification is a disagreement with UL in the application of testing to, and interpretation of, UL's own standards—not any fraud, misrepresentation, or breach of warranty by Defendants.  For that (and other) reasons, the Motion to Dismiss seeks to dispose of Plaintiff's Complaint in its entirety, with prejudice.

While styled as a consumer class action, this case and the *Kaplan Case* are based upon the opinions of Jeffrey D. Zwirn, an "alarm system expert," who contends that every combination burglar and fire alarm system in the United States has a "defect" that renders it non-compliant with UL standards.  Zwirn holds a patent for a product that "fixes" this "defect."  As acknowledged in the Complaint, UL has specifically rejected Zwirn's arguments and interpretation of UL's standards.

Unsatisfied with UL's rejection of his concerns, Zwirn commissioned an "expert report" to agree with his hypothesized defect and coordinated with Plaintiff's Counsel to file both this lawsuit and another (the *Kaplan Case*, against other

manufacturers of combination burglar and fire alarm systems). *See Kaplan v. General Electric Co. et al.*, No. 2:22-cv-05296-BRM-ESK (D.N.J., filed Aug. 30, 2022). The defendants in the *Kaplan Case* filed a motion to dismiss on substantially similar grounds as the Motion to Dismiss here, which is presently pending before Judge Martinotti. *See id.*, Dkt. No. 18. On February 9, 2023, Magistrate Judge Kiel entered a stay of discovery pending resolution of that motion to dismiss. *See id.*, Dkt. No. 31.

Defendants, with Plaintiff's agreement to a stay of discovery pending resolution of the Motion to Dismiss, filed the Unopposed Application to Stay on March 29, 2023. (*See* Dkt. No. 17.) Magistrate Judge Waldor held an initial conference on April 13, 2023. At the initial conference, Magistrate Judge Waldor stated that she lacked discretion to enter a stay due to a policy of District Judges in this District to proceed with discovery while a motion to dismiss is pending. Magistrate Judge Waldor therefore did not have the opportunity to consider the good cause that warranted the stay in his case when she denied it.

When informed that Magistrate Judge Kiel had entered a stay in the *Kaplan Case* (finding that such request was supported by good cause), Magistrate Judge Waldor encouraged that Defendants appeal the denial of the stay. Magistrate Judge Waldor entered the Order denying the requested stay that same day to allow for a

timely appeal. (*See* Dkt. No. 19.) In the meantime, Magistrate Judge Waldor encouraged the parties to pace discovery so that the Court could consider this appeal.

Notwithstanding Plaintiff's prior agreement to a stay, Magistrate Judge Waldor's encouragement that the parties pace discovery, and Plaintiff's knowledge that this appeal was forthcoming, Plaintiff served Defendants with a notice of subpoena for the production of documents to UL less than a week after the initial conference.[3] In 36 separate document requests, Plaintiff demands that UL produce documents concerning UL's certification of the Vista-20P (and every other combination burglar and fire alarm manufactured by Defendants), as well as UL's testing methodologies and other commercially sensitive information. It is telling that Plaintiffs took their first opportunity to serve discovery, not on the Defendants, but rather on UL. The subpoena to UL concedes once again that the Vista-20P was certified and listed by UL—reinforcing the arguments set forth in Defendants' Motion to Dismiss.

### III. ARGUMENT

Under FRCP 72(a), "when a magistrate judge decides a pretrial matter that is non-dispositive, the district judge in the case must modify or set aside any part of the order that is clearly erroneous[.]" *Ameritas Life Ins. Corp. v. Wells Fargo Bank, N.A.*, 2022 WL 15442268, at * 2 (D.N.J. Oct. 27, 2022) (Cecchi, J.). A magistrate

---

[3] *See* **Ex. A**.

judge's decision is clearly erroneous when the district court, "after considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed." *Id.*

The Court should reverse the denial of a stay pending resolution of the Motion to Dismiss because it was clearly erroneous. First, Magistrate Judge Waldor did not have an opportunity to consider whether good cause for a stay existed, because the denial was based on a policy that she believed precluded her granting such uncontested relief. However, this view is contradicted by the routine entry of stays pending resolution of motions to dismiss in this District, including the stay entered in the *Kaplan Case*. Second, the same good cause that was found to support a stay in the *Kaplan Case* applies here. The Motion to Dismiss is well-founded, and will eliminate (or significantly clarify) the discovery in this case. If discovery were to proceed now, Defendants and third parties would be prejudiced with increased and potentially unnecessary costs. And Plaintiff previously consented to a stay, demonstrating that he could suffer no prejudice from the short delay proposed by Defendants. The Court should set aside the denial of the Unopposed Application to Stay and enter a stay of discovery pending resolution of the Motion to Dismiss.

### A. The Denial of the Unopposed Motion to Stay Was Clearly Erroneous Because It Did Not Consider the Good Cause Supporting a Stay

Magistrate Judge Waldor did not have an opportunity to consider the good cause for a stay set forth in the Unopposed Application to Stay. Rather, during the initial conference, Magistrate Judge Waldor stated that she was bound by a policy in this District that forbids a stay of discovery pending a motion to dismiss. Yet, courts in this District routinely stay discovery pending resolution of a motion to dismiss. *See, e.g.*, *Gibly v. Best Buy Co., Inc.*, 2022 WL 2413906, at *3 n.4 (D.N.J. Mar. 7, 2022) (quoting *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010) (collecting cases); *SMT Solutions, Inc. v. ExpoEvent Supply, LLC*, 2012 WL 3526830, at *2 (D.N.J. Aug. 15, 2012) (Waldor, M.J). Indeed, Magistrate Judge Kiel entered a stay of discovery in the substantially similar *Kaplan Case*, in the exact same posture. *See Kaplan*, No. 2:22-cv-05296-BRM-ESK, Dkt. No. 31. There, Plaintiff's Counsel opposed the request, but Magistrate Judge Kiel still ruled that good cause existed to stay discovery until the defendants' motion to dismiss was resolved.

The same reasons for entering a stay in *Kaplan* exist in this case as the grounds in that motion to dismiss are substantially similar to the present Motion to Dismiss. Magistrate Judge Waldor encouraged this appeal to the District Judge in light of the stay in *Kaplan*.

Magistrate Judge Waldor's decision to deny Defendants' Unopposed Application to Stay was clearly erroneous insofar as it did not consider the merits of the Unopposed Application to Stay—specifically, the good cause that courts in this District typically weigh when considering a stay. The Court should set aside Magistrate Judge Waldor's decision and enter the requested stay.

### B. Defendants Have Demonstrated Good Cause to Stay Discovery

As set forth in Defendants' Unopposed Application to Stay, and as demonstrated by the stay entered in the same posture in the *Kaplan Case,* good cause exists to stay discovery in this case pending resolution of the Motion to Dismiss.

"[I]t is well-settled that it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile." *Gibly*, 2022 WL 2413906, at *3 n.4. In evaluating a request for a stay, Courts in this District consider: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and/or a trial date has been set." *Id*. Each factor supports staying discovery in this case.

### 1. The Requested Stay Does Not Present Any Undue Prejudice or Clear Tactical Advantage to Plaintiff

Plaintiff will suffer no undue prejudice or clear tactical advantage if a stay is entered. Indeed, before Magistrate Judge Waldor denied the Unopposed Application to Stay, Plaintiff consented to the requested relief. *Forrest Hill Cemetery Ass'n v. Public Serv. Elec. & Gas Co.*, 2020 U.S. Dist. LEXIS 43636, at *4 (D.N.J. Mar. 13, 2020) (granting unopposed motion for stay). Plaintiff may now assert that discovery should not be delayed for the time it may take the Court to resolve the Motion to Dismiss, but "delay alone is not a sufficient reason to deny a stay." *Oy Ajat, Ltd. v. Vatech Am.*, Inc., 2012 WL 1067900, at *21 (D.N.J. Mar. 29, 2012); *see also MonoSol Rx, LLC v. BioDelivery Scis. Int'l, Inc.,* 2012 WL 762501, at *10 (D.N.J. Mar. 7, 2012); *see also Operational Prods. Supply & Servs., LLC v. Intelligent Surveillance Corp.,* 2022 WL 16743860, at *2–3 (D.N.J. Apr. 14, 2022) (explaining that "[d]elay inherently results from the issuance of a stay," but "'mere' delay does not, without more, necessitate a finding of undue prejudice").

The mere filing of a complaint does not entitle Plaintiff to discovery. *Ashcroft v. Iqbal,* 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery . . . ."). And a short delay of discovery will not prejudice Plaintiff whatsoever. Plaintiff's prior consent to a stay pending resolution of the Motion to Dismiss demonstrates that he could not suddenly be prejudiced by delay, simply because Magistrate Judge Waldor denied the

Unopposed Motion to Stay. Nothing of relevance to Plaintiff's ability to obtain evidence or relief has changed since Plaintiff consented to a stay. Moreover, Plaintiff necessarily cannot obtain the relief he seeks before the Court resolves the threshold question of whether his Complaint states a claim. Plaintiff will be in the same position as the plaintiff in the *Kaplan Case*.

    **2.    Denial of the Requested Stay Creates a Clear Case of Hardship or Inequity for Defendants**

Denial of a stay presents a clear case of hardship or inequity for Defendants, who will be subject to the burden, expense, and distraction of responding to discovery while the Court considers whether this case should go forward at all. Discovery in this putative class action, if it is permitted to proceed, will be complex and likely involve significant disputes over its appropriate scope—Plaintiff makes broad, technical allegations concerning interpretation of UL standards dating back more than 20 years. Plaintiff's subpoena to UL is suggestive of the breadth and complexity of the discovery Plaintiff will seek if discovery is prematurely opened. *See* Ex. A. And, the subpoena to UL demonstrates the undue burden that will be placed on third parties, particularly UL.

The Court has well-recognized discretion to grant a stay on this basis. "The potential cost of discovery establishes a specific and substantiated risk of harm" to Defendants. *Actelion Pharms. Ltd. v Apotex, Inc.*, 2013 WL 5524078, at *4 (D.N.J. Sept. 6, 2013); *see also Mann*, 375 F. App'x at 239 (citing *Ashcroft*, 556 U.S. at 665-

66 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery.").

### 3. A Stay Pending Resolution of the Motion to Dismiss Will Simplify the Issues in the Case

The Motion to Dismiss, if successful, will dispose of Plaintiff's Complaint in its entirety. A stay pending resolution of the Motion to Dismiss will therefore simplify the issues in this case by eliminating the need for discovery altogether. When weighing a motion to stay pending resolution of a dispositive motion, courts consider whether the dispositive motion "appear[s] to have substantial grounds" or, in other words "do[es] not appear to be without foundation in law[.]'" *Actelion Pharms. Ltd.*, 2013 WL 5524078, at *3. The pending Motion to Dismiss is well founded.

Principally, all of Plaintiff's claims are based on alleged fraud, misrepresentation, or breach of warranty in connection with Defendants' representation that the Vista-20P was UL certified and listed to applicable safety standards. Yet, Plaintiff concedes that UL in fact certified and listed the Vista-20P to applicable safety standards. (*See* Dkt. No. No. 13 at 12–16; Dkt. No. No. 15 at 1–6.) Plaintiff admits that the challenged representations concerning UL certification and listing to applicable standards are true—his "experts" simply disagree with UL's certification. (Dkt. No. 13 at 5–6 (citing Compl. ¶¶ 49, 72 and Ex. F at 24–25).)

The subpoena Plaintiff issued to UL reinforces his admission that UL certified and listed the Vista-20P (and other combination burglar and fire alarms manufactured by Defendants) to applicable safety standards, and that UL specifically authorized the "UL LISTED" sticker that Plaintiff claims to be "fraud" by Defendants. *See, e.g.*, Ex. A, at Request No. 13 ("Any and all Documents and/or ESI that You reviewed or otherwise relied upon in issuing Your 'UL LISTED' sticker for the Resideo and/or Honeywell Vista-20P Combination Listed Burglar and Fire Alarm System Control Unit."). Plaintiff should not be permitted to advance discovery against Defendants and third parties where the Complaint fails to establish any fraud, misrepresentation, or breach of warranty has occurred.

Plaintiff's Complaint suffers from additional, fatal flaws that merit dismissal. All of Plaintiff's claims fail for lack of a cognizable injury. (*See* Dkt. No. 13 at 16–19; Dkt. No. No. 15 at 6–8.) Plaintiff's claims are also time-barred by applicable statutes of limitation. (*See* Dkt. No. No. 13 at 19–22; Dkt. No. No. 15 at 8–9.). And, his individual causes of action are subject to other independent bases for dismissal: (1) Plaintiff does not plead fraud-based claims with particularity; (2) the economic loss doctrine bars his tort claims; (3) he did not give Defendants pre-suit notice of his warranty claims; (4) there is no direct relationship between Plaintiff and Defendants to create unjust enrichment; and (5) he fails to sufficiently allege a TCCWNA violation). (See Dkt. No. 13 at 22–40; Dkt. No. 15 at 9–15.) As such,

Defendants' motion to dismiss presents both "substantial grounds" and a clear "foundation in law."

Issues in this case will be simplified even if the Motion to Dismiss is granted in part or denied altogether. Narrowing and clarification of Plaintiff's theory of relief will affect the scope of discovery. And while the *Kaplan Case* involves different parties, discovery from experts that authored the report attached to the respective pleadings, and discovery from non-parties like UL and Zwirn, will necessarily involve wasteful burden and expense if it proceeds twice: first in this case, and later in the *Kaplan Case.*

For all of these reasons, this factor weighs heavily in favor of a stay in discovery.

### 4. The Case is in its Initial Stages

The final factor evaluated by courts considering a stay application is whether the stage of the case merits a stay. This factor is easily met here because no discovery has occurred to date and no trial date is set. *See Gibly*, 2022 WL 2413906, at *3 n.5 (entering stay pending resolution of motion to dismiss because the case was "in its nascent stage"); *Actelion,* 2013 WL 5524078, at *6 (granting stay where "the case remains in its initial stages and no trial date has been set"). As such, all factors weigh in favor of Defendants' requested stay.

## IV. CONCLUSION

For these reasons, the Court should set aside Magistrate Judge Waldor's denial of Defendants' Unopposed Application to Stay, and enter a stay of discovery in this case pending resolution of Defendants' Motion to Dismiss.

Dated: April 21, 2023

James B. Saylor (*pro hac vice*)
Aaron J. Gold
KELLEY DRYE & WARREN LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
jsaylor@kellydrye.com
agold@kelleydrye.com

Respectfully Submitted

*/s/ Lauri A. Mazzuchetti*
Lauri A. Mazzuchetti
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor
Parsippany, NJ 07054
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com

*Counsel for Defendants*
*Resideo Technologies, Inc., and*
*Honeywell International Inc.*